IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**CHANDRA PARKER,**

    **PLAINTIFF,**

**VS.**         **CV NO.: 2:23-cv-00719-RAH-JTA**

**AU TIGER TOWN HOSPITALITY
GROUP, LLC,**

    **DEFENDANT.**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### WITH SETTLEMENT AGREEMENT INCORPORATED HEREIN

COME NOW the Plaintiff, Chandra Parker ("Plaintiff"), and the Defendant AU Tiger Town Hospitality Group, LLC ("Defendant"), and jointly move for the Court to approve the Parties' Settlement Agreement, which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

In support of this Motion, the Parties state as follows:

1. Plaintiff initiated this action against Defendant, alleging that Defendant misclassified Plaintiff's job duties such that it unlawfully failed to pay overtime premium wages for hours worked in excess of forty (40) during multiple work weeks in violation of the FLSA. (Doc. 1).

2. Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendant denies Plaintiff is due any relief. As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, including the uncertainty and risk of summary judgment briefings and the outcome of a trial make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for all disputes regarding the FLSA, including payment of minimum wages and overtime wages. The Agreement is set forth below in paragraphs 10-24. Pursuant to the applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that she is satisfied that she will be fairly and reasonably compensated under the terms of the Settlement Agreement for the alleged

unpaid overtime premium wages to which she claims to be entitled. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement, and (b) Plaintiff has consulted with her counsel of record before agreeing to the Agreement and has entered into it knowingly and voluntarily.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## MEMORANDUM OF LAW

5. Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims, if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

6. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

7. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiff's FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiff contending that Defendant violated the FLSA by failing to pay overtime premium for hours worked in excess of forty (40) in various work weeks, and Defendant disputing Plaintiff's allegations that Defendant misclassified her as an exempt employee. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiff and her undersigned counsel discussed the claims, and the parties formulated their own

estimate of Plaintiff's unpaid wages. Defendant and Plaintiff engaged in a settlement negotiation, wherein the proposed settlement amount was reached for unpaid overtime premium wages and liquidated damages.

8. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement, and for the Defendant, the risk of a verdict against it on the merits. The Settlement Agreement provides Plaintiff with a full recovery of the gross amount of her claimed unpaid overtime premium wages and a full recovery of claimed liquidated damages, equal to those wages sought in this lawsuit within the two-year statute of limitations. All labor performed occurred solely within the two-year statute of limitations. Plaintiff's labor did not occur during the third-year statute of limitations that requires Plaintiff to prove willfulness. Defendant denies any willful violation of the FLSA. Using Defendant's time records kept in regard to Plaintiff, Plaintiff estimated her unpaid wages, submitted a settlement offer, and Defendant accepted the offer, such that no compromise of her estimated wages occurred. The Settlement Agreement provides for payment of attorneys' fees and costs to her counsel for prosecuting this matter, and all such payments represent a fair and reasonable compromise of this matter. The resolution of Plaintiff's counsel's attorneys' fees and costs occurred only *after* the parties reached an agreement regarding the Plaintiff's unpaid wages

and liquidated damages.

9.  Because the Settlement Agreement represents the resolution of this bona fide FLSA wage dispute and was negotiated at arms' length, the Court should approve this settlement.

## SETTLEMENT AGREEMENT

**I.  Plaintiff's Statement of Claims**

10.  This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* for equitable and declaratory relief and to remedy violations of the FLSA by Defendant, which have deprived Plaintiff of her lawful wages in regard to every hour worked over forty (40) in a work week at a rate below the overtime premium rate. This action was brought to recover unlawful denial of overtime premium pay for hours worked in excess of forty (40) in a work week in the form of unpaid overtime premium wages and an equal amount in liquidated damages owed to the Plaintiff.

11.  Chandra Parker contends she labored for the Defendant during various work weeks ending on September 14, 2022 through August 27, 2023. Plaintiff contends that Defendant paid Plaintiff a weekly salary of $769.23 per week. Defendant recorded Plaintiff's time worked with a time clock. Plaintiff contended that Defendant failed to compensate Plaintiff overtime premium for hours worked in excess of forty (40) for various work weeks that occurred during the claimed two-year recovery period and identified specific work weeks in her complaint. Plaintiff

is claiming that she was paid the regular rate for hours in excess of forty (40) in a work week but was not paid the federal mandated overtime premium for each hour worked over forty (40) under Defendant's pay structure. This failure to pay an overtime premium resulted in Plaintiff's claim for a violation of the FLSA. Defendant asserts that Plaintiff was an exempt employee not entitled to overtime premium compensation. As such, this is a highly disputed FLSA claim.

## II.     Defendant's Statement of Defenses

12.     Defendant contends that it properly classified Plaintiff as an exempt employee and paid Plaintiff in compliance with the FLSA. There was no wrongful failure to pay an overtime premium. Plaintiff performed managerial duties for Defendant including, but not limited to, discipline of employees, scheduling of employees, hiring and training of employees, inventory assessment and management, guest services and complaint resolution, handling guest incidents and accidents, filling in positions when other employees were absent, directly supervising all employees, except the General Manager, and managing employee hours. As an exempt employee, Plaintiff was not entitled to an overtime premium.

13.     Assuming *arguendo* there was any failure to pay an overtime premium that was due, the Defendant operated in a reasonable and good faith manner. As such, the Plaintiff would not be entitled to recover liquidated damages.

### III. Settlement Terms

14. The Parties recognize that the trial of this matter and whether the Defendant operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlement.

15. Plaintiff calculated the total number of overtime hours worked for which Plaintiff claimed Defendant did not pay the Plaintiff the proper overtime compensation for hours worked in excess of forty (40) in a work week. Throughout the negotiation process, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the parties recognized the inherent risks with summary judgment briefings and the difficulties of trial. Plaintiff believes that the amount she will receive pursuant to this settlement reflects a total recovery of her unpaid overtime wages that she could expect to recover, if she were to prevail on her FLSA claims at trial. While still denying the entire scope of liability, Defendant believes that the amount Plaintiff will receive pursuant to this settlement reflects an amount in excess of complete and total satisfaction for any unpaid overtime wages and liquidated damages that Plaintiff could expect to recover, if she were to prevail on her FLSA claims at trial.

16. Plaintiff's attorneys' fees were negotiated at arm's length, and only discussed *after* Plaintiff's FLSA claims were resolved. Defendant agrees to pay the sum of **SEVEN THOUSAND DOLLARS AND ZERO CENTS** ($7,000.00) for

attorneys' fees and **FOUR HUNDRED THIRTY-NINE DOLLARS AND TWENTY-FIVE CENTS** ($439.25) for costs, including recovery of the filing fee, postage for service of process, and copying costs. As courts have recognized, in circumstances similar to the instant matter, a lodestar analysis is not always required. *See Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *7 n. 4 (S.D. Ala. Feb. 14, 2013) ("[P]ersuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where 'the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,' except in circumstances where 'the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.'") (quoting *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); and citing also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel")). As stated in *Bonetti v. Embarq Management Co.*, "the Court finds that the best way to insure that no conflict has tainted the settlement is for the

parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The parties have followed practices to ensure that no conflict of interest tainted this resolution.

17. The method of calculation used in determining the above amounts does not compromise or diminish Plaintiff's recovery, nor does it undermine the broad remedial purpose of the FLSA. It provides Plaintiff with a full recovery of overtime premium wages that she claims to have worked without overtime premium pay during the permissible two-year liability period and 100% of her liquidated damages, as mandated by the FLSA, equal to those disputed wages claimed during the two-year liability period.

18. Plaintiff agrees that the sum of **SEVEN THOUSAND DOLLARS AND NO CENTS** ($7,000.00) for attorneys' fees and **FOUR HUNDRED THIRTY-NINE DOLLARS AND TWENTY-FIVE CENTS** ($439.25) for costs, including recovery of the filing fee, are fair and reasonable. Plaintiff's counsel expended time investigating and drafting the complaint, preparing an individualized damages calculation, drafting and serving discovery to Defendant, responding to Defendant's discovery served on Plaintiff, analyzing the evidence provided during

discovery, time negotiating with Defendant, and the present settlement agreement. Defendant has agreed that this amount be awarded to counsel for Plaintiff. Defendant has agreed to pay this amount in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and a possible fee petition.

19. Plaintiff understands that the total amount to be paid to her and her counsel is calculated as described above.

20. Accordingly, Plaintiff and her counsel will receive the following payments within twenty-one (21) days of the Court's Order granting this Motion and Approving the Parties Incorporated Settlement Agreement, wherein Defendant shall tender to Plaintiff's counsel at his address (identified below) consideration for the amounts as follows:

    a. Defendants shall (1) issue Plaintiff a payroll check (less applicable taxes and withholdings) in the amount of **ONE THOUSAND THREE HUNDRED THIRTEEN DOLLARS AND FORTY-NINE CENTS** ($1,313.49), representing claimed unpaid overtime premium wages; (2) issue Plaintiff a lump sum check **ONE THOUSAND THREE HUNDRED THIRTEEN DOLLARS AND FORTY-NINE CENTS** ($1,313.49) representing claimed liquidated damages; (3) issue to Allen D. Arnold, LLC, a lump sum check made out to Allen

D. Arnold, LLC in the amount **SEVEN THOUSAND DOLLARS AND ZERO CENTS** ($7,000.00) for attorneys' fees; and (4) issue to Allen D. Arnold, LLC, a lump sum check made out to Allen D. Arnold, LLC in the amount of **FOUR HUNDRED THIRTY-NINE DOLLARS AND TWENTY-FIVE CENTS** ($439.25), representing reimbursement of advanced costs.

      b.    Defendant shall issue Plaintiff a W-2 and 1099 for payments rendered to Plaintiff, as set out above. Plaintiff shall be held responsible for all taxes owed on the 1099 payment representing liquidated damages. Defendant shall be responsible for paying all amounts withheld from the payroll check to the appropriate taxing agencies and authorities and be responsible for any employer matching share of said withholding.

      c.    Defendant shall issue Allen D. Arnold, LLC a 1099 for payments rendered to Allen D. Arnold, LLC. Allen D. Arnold, LLC shall be held responsible for all taxes owed on said payments.

21.    Defendant agrees that Plaintiff's counsel may seek attorneys' fees and costs to enforce any portion of this agreement.

22.    The Parties represent that they have reached a reasonable and fair resolution of Plaintiff's FLSA claims. The Parties represent that they engaged in a good faith, arms' length negotiations in an effort to resolve the matter. The record indicates that a bona fide dispute existed regarding whether Defendant correctly

classified Plaintiff as an exempt employee pursuant to the FLSA.

23. The Parties request that the Court retain jurisdiction of this case to enforce the settlement terms. If post-settlement issues require litigation, the Court may award reasonable attorney fees to the Plaintiff.

24. A Proposed Stipulated Judgment, Approval of Settlement, and Order of Dismissal is attached as **Exhibit A**.

## CONCLUSION

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees and costs. Undersigned counsel for Plaintiff affirms to the Court that he has authority from his client and from Defendant to submit the above settlement agreement resolving this dispute on these specific terms and that there are no other terms that have not been stated. The Settlement is contingent on this Court's approval.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT ALLEN D. ARNOLD WILL E-FILE THE FOREGOING *JOINT*

*MOTION FOR SETTLEMENT APPROVAL WITH INCORPORATED SETTLEMENT AGREEMENT.*

Date: December 10, 2024

| /s/ *Allen D. Arnold* | /s/ *Melisa Zwilling* |
|---|---|
| Allen D. Arnold, Attorney at Law | Melisa Zwilling |
| Allen D, Arnold, LLC | Carr Allison |
| 6 Office Park Circle, Suite 209 | 100 Vestavia Parkway |
| Mountain Brook, AL 35223 | Birmingham, AL 35216 |
| Office – 205.252.1550 | Office – 205-822-2006 |
| Facsimile – 205.469.7162 | Facsimile – (205) 822-2057 |
| *Counsel for the Plaintiff* | *Counsel for the Defendant* |
| ada@allenarnoldlaw.com | mzwilling@carrallison.com |